UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN BEGLEITER, <br><br> Plaintiff, <br><br> v. <br><br> BLOGSTAND MEDIA LLC d/b/a <br> BC MEDIA GROUP, <br><br> Defendant. | Civil Case No. |

## COMPLAINT AND JURY DEMAND

Plaintiff, Steven Begleiter ("Plaintiff"), by his undersigned attorneys, Rath, Young, and Pignatelli PC, for his complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501 *et seq.* Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2. Plaintiff Steven Begleiter is an individual doing business as Steven Begleiter Photography with an address at 251 Strand Avenue, Missoula, Montana 59801.

3. Upon information and belief, defendant Blogstand Media, LLC d/b/a BC Media Group ("Defendant") is a foreign company registered in the Commonwealth of Massachusetts with a place of business at 81 Beach Bluff Avenue, Swampscott, Massachusetts 01907.

### JURISDICTION AND VENUE

4. This is a civil action in which Plaintiff is seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, and therefore this Court has

jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

5. Specifically, upon information and belief, Defendant operates its business at 81 Beach Bluff Avenue, Swampscott, Massachusetts 01907.

6. Personal jurisdiction over Defendant is proper because Defendant is conducting business in this District and committing torts in this State, including without limitation Defendant's copyright infringement, which causes harm in this Commonwealth and in this District.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A. Plaintiff's Business**

8. Plaintiff is a professional photographer based out of Missoula, Montana and, through his business Steven Begleiter Photography, creates and licenses photographic images for various uses.

9. Plaintiff has established a significant and valuable reputation through the success of his many works. He is the author of five photography books and has taught photography at the School of Design at the University of Pennsylvania and the Rocky Mountain School of Photography. In addition, he has won many photography awards and has received a number or grants in recognition of his work in photography.

10. Plaintiff's love and dedication for his photography is remarkably illuminated in the subjects of his photography.

11. Mr. Begleiter's intellectual property is very important to him. As a result, he typically includes digital copyright management information in his photographs.

12. Among the many moving photographs taken by the Plaintiff, Plaintiff is the original author of a photographic image of the Wren House, which is at issue in this case (the "Copyrighted Work"). Attached hereto as Exhibit A is a copy of the Copyrighted Work demonstrating its copyright management information.

13. As the original author, Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work and, on September 16, 2016, obtained the following registration with the United States Copyright Office for the Copyright Work: VA 2-019-079. Attached hereto as Exhibit B is a copy of the registration with the United States Copyright Office of the Copyrighted Work.

14. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

**B. Defendant's Unlawful Activities**

15. Upon information and belief, Defendant owns and operates a number of websites, including one located at the URL http://www.housely.com where Defendant publishes articles that use high quality photographic images, such as those belonging to Plaintiff, to lure internet users to visit and linger at Defendant's websites, thus profiting from advertising revenue that grows as its viewership grows.

16. In March of 2017, Plaintiff discovered instances in which Defendant was using the Copyrighted Work to grow viewership at its websites, infringing Plaintiff's exclusive copyrights in the Copyrighted Work by reproducing, distributing, and publicly displaying the Copyrighted Work at the following URL: https://housely.com/10-greatest-architectural-works-montana/.

17. Plaintiff now understands that Defendant was reproducing, distributing and publicly displaying the Copyrighted Work beginning on or about December of 2016 as a means of drawing internet users and keeping those uses at Defendant's website and, as direct result of

such infringing use, profiting from advertising revenues.

18. Defendant's reproduction, distribution, and public display of the Copyrighted Work is without Plaintiff's permission and was conducted with full knowledge that it did not have such permission and with reckless disregard for the lawful need of such permission. Copies of screenshots demonstrating Defendant's unauthorized use ("Infringing Work") are attached hereto as Exhibit C.

19. Upon information and belief, Defendant knowingly altered and/or falsified copyright management information to conceal Defendant's infringement of Plaintiff's Copyright Work.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

20. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

21. The Copyrighted Work is an original work of authorship, which embodies copyrightable subject matter, and is subject to the full protection of the copyright laws of the United States. Plaintiff owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

22. Upon information and belief, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Work.

23. By its actions, as alleged above, Defendant has infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq.*, by reproducing, distributing and publicly displaying the Infringing Work.

24. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is

willful and deliberate and Defendant has profited at the expense of Plaintiff.

25. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each infringing reproduction, each infringing distribution, and each infringing public display, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages and a disgorgement of Defendant's profits from infringement, amounts which will be proven at trial.

26. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

27. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

28. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

29. Upon information and belief, Defendant has intentionally removed copyright management information which was digitally included the Copyright Work.

30. Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

31. Upon information and belief, Defendant reproduced, distributed and publicly

displayed the Copyrighted Work without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

32. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

33. By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

34. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

35. At its election, and in lieu of Defendant's profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

36. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived

by Defendant from its acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

8. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

9. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

10. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

11. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

12. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and

participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

13. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 18, 2017

Respectfully submitted,

RATH, YOUNG AND PIGNATELLI P.C.

By: */s/R. Terry Parker*
R. Terry Parker
120 Water Street, 2nd Floor
Boston, MA 02109
Tel.: (603) 410-4338
Email: rtp@rathlaw.com

*Attorneys for Plaintiff Steven Begleiter*